# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID FOSTER,

:

    Petitioner,　　　　　　　　　　　　Case No. 1:11-cv-256

:　　　　　　　District Judge S. Arthur Spiegel
-vs-　　　　　　　　　　　　　　　　　　　Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
  Institution,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (Doc. No. 8) which Petitioner opposes (Doc. No. 11). Respondent has not filed a reply memorandum and the time to do so under S. D. Ohio Civ. R. 7.2 has elapsed.

### Procedural History

Petitioner was indicted by the Hamilton County Grand Jury on one count of trafficking in heroin and one count of possession of heroin, both with a major drug offender specifications, and one count of conspiracy. A trial jury convicted him on all counts and he was sentenced on April 14, 2005, to serve a term of thirty-four years imprisonment. The First District Court of Appeals affirmed the judgment of guilt and the conspiracy sentence, but vacated the other sentences and remanded for resentencing. The Ohio Supreme Court declined review on Petitioner's further appeal.

On August 24, 2006, Petitioner was resentenced on remand.  On June 27, 2007, the First District Court of Appeals remanded again for resentencing based upon a decision that trafficking in a controlled substance and possession of that substance constituted allied offenses of similar import under Ohio Revised Code § 2941.25.  Aggrieved at this result, the State of Ohio sought and received a certification by the First District Court of Appeals that its decision was in conflict with that of another Ohio appellate court.  Petitioner also appealed, but the Ohio Supreme Court declined to hear his appeal.  However that court did determine that a conflict existed.  Eventually on June 4, 2008, it affirmed the judgment of the court of appeals in Petitioner's case pursuant to *State v. Cabrales*, 118 Ohio St. 3d 54 (2008), and again remanded the case to the trial court for resentencing.

On September 4, 2008, the trial court merged the conspiracy and possession counts with count five and sentenced Petitioner to ten years for trafficking and a consecutive seven years for the major drug offender specification, a total of seventeen years or half the original sentence.  The First District affirmed on direct appeal on August 5, 2009.  The Ohio Supreme Court declined review on December 2, 2009, and the United States Supreme Court denied a writ of certiorari on April 26, 2010.  The instant habeas petition followed on April 25, 2011.

**Analysis**

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Cases become final on direct review when certiorari is denied or when the time to file a petition for certiorari expires. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Smith v. Bowersox*, 159 F. 3d 345 (8th Cir. 1998); *see also Clay v. United States*, 537 U.S. 522 (2003)(as to § 2255); *Lawrence v. Florida*, 549 U.S. 327 (2007)(indicating *Clay* analysis would also apply to § 2244). Respondent asserts the Petition is untimely because it was not filed within one year of the date on which the conviction became final. Respondent asserts that the conviction became final on October 31, 2006, ninety days after the Ohio Supreme Court denied review of the First District Court of Appeals' decision on the first direct appeal. Alternatively Respondent asserts the conviction became final on March 25, 2008, ninety days after the Ohio Supreme Court declined review on the first resentencing decision. Respondent concedes that

>[I]f both re-sentencings and their appeals toll the one-year statute of limitations, then Foster's habeas petition filed by counsel on April 25,

> 2011, is within the one-year statute of limitations by one day. If, on the other hand, the second resentencing does not toll because it was based on an issue (sentencing for allied offenses) not presented in Foster's habeas petition and decided favorably to Foster on June 27, 2007, (Exhibit 39), then Foster's habeas petition is beyond the one-year statute of limitations by a considerable period of time.

(Return of Writ, Doc. No. 8, PageID 58.)

In *Burton v. Stewart*, 549 U.S. 147 2007), the state prisoner had filed and lost a habeas petition while direct review of his sentence on the same conviction was pending. After conclusion of direct review of the sentence, he filed a second habeas petition directed entirely to new sentencing issues not raised in the first petition. In a unanimous *per curiam* decision, the Supreme Court directed the trial court to dismiss for want of jurisdiction because he had not obtained leave to file a second petition from the Ninth Circuit. The Court's decision on one of Burton's contentions is relevant here:

> Burton finally contends that had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations. See § 2244(d)(1). But this argument misreads AEDPA, which states that the limitations period applicable to "a person in custody pursuant to the judgment of a State court" shall run from, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937). Accordingly, Burton's limitations period did not begin until both his conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review"--which occurred well after Burton filed his 1998 petition.

*Id.* at 156-157. This portion of the *Burton* decision necessarily implies that Burton could have waited on the claims he made in his 1998 petition until review of his sentence was complete and the

statute of limitations would not have run as to those claims. Based on the *Burton* decision, Mr. Foster's conviction (including the sentence finally imposed) did not become final on direct review until April 26, 2010, when the United States Supreme Court denied certiorari and his habeas petition is therefore timely.

In opposing that result, Respondent relies on *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007). In that case the state prisoner was tried and convicted in 1995, and the Ohio Supreme Court declined review on direct appeal January 29, 1997. For purposes of 28 U.S.C. § 2244, then, his conviction became final on April 29, 1997, when his time to apply for certiorari expired. He did not file his habeas corpus petition until July 10, 2000, more than two years after the statute of limitations expired on April 29, 1998. The district court dismissed the petition as untimely on June 24, 2003. While his appeal was pending, Bachman filed a new petition on July 7, 2005, challenging his April 2004 designation as a sexual predator. The Sixth Circuit held that Bachman's new claim did not reopen the statute of limitations on his prior claims and it affirmed the dismissal of those prior claims on timeliness grounds. The court noted that it had allowed

(1) a habeas challenge to a denial of parole filed within one year of the denial, *Id.* at 984, citing *Ali v. Tennessee Board of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005);

(2) a habeas challenge to a revocation of parole within one year of the revocation, *Id.* at 985, citing *Bogan v. Huffman*, No. 98-4425, 2000 U.S. App. LEXIS 31039, at *3-4 (6th Cir. Nov. 30, 2000).

(3) a habeas challenge to resentencing within one year of resentencing, *Id., citing Linscott v. Rose,* 436 F.3d 587 (6th Cir. 2006); and

(4) a habeas challenge to a denial of delayed appeal within one year of the denial, *Id. citing*

*DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006).

*Linscott* is the only one of these cases which involved something called a "resentencing." Upon his conviction, Linscott was sentenced to five years of community control.[1] When he violated the conditions of community control, the trial judge revoked his community control sentenced and resentenced him to ten years imprisonment. Reversing a district court dismissal of the petition as untimely, the Sixth Circuit held as a matter of first impression:

> We now hold that the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final. *See Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003); *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000). The plain language of AEDPA dictates this result where the "judgment" being challenged is the resentencing judgment. See 28 U.S.C. § 2244(d)(1)(A)("The limitation period shall run from the . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); *cf. Flynt v. Ohio*, 451 U.S. 619, 620, 101 S. Ct. 1958, 68 L. Ed. 2d 489 (1981)(per curiam)("Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence.").

*Linscott*, 436 F.3d at 591. Thus in *Bachman* and all of the cases discussed in that opinion there was a final criminal judgment, including a sentence, which was later "affected by" some other state court action: a sexual predator designation (*Bachman*), denial of parole (*Ali*), revocation of parole (*Bogan*), revocation of community control (*Linscott*), or denial of delayed appeal (*DiCenzi*). Mr. Foster's situation is different because he never had a final state court judgment including a sentence until September 4, 2008. That is, his conviction did not become final in the sense of the Supreme Court's decisions in *Flynt, Burton,* and *Berman,* until September 4, 2008, and that judgment did not

---

[1] The Court understands a community control sentence in Ohio to be analogous to a probation sentence in federal court.

become final on direct appeal until April 26, 2010.

Although *Burton* was decided just before the Sixth Circuit decided *Bachman*, the *Burton* decision is not cited in Judge McKeague's opinion for the Court. However, on remand Judge Polster explained the distinctions between Burton's position and Bachman's: Burton was seeking habeas relief with respect to amended judgments on resentencing, whereas Bachman was asserting the right to file a second habeas petition. *Bachman v. Wilson*, 2007 U.S. Dist. LEXIS 93211 (N.D. Ohio Dec. 19, 2007).

Denying the Motion to Dismiss is consistent with *Linscott* and *Burton* and not inconsistent with *Bachman*. The Magistrate Judge believes denial is in accord with a better reading of the statute and the precedent. Accordingly, it is respectfully recommended that the Motion to Dismiss be denied.

January 3, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).